Edward W. Lukas Jr. State Bar No. 155214
HARRINGTON, FOXX, DUBROW & CANTER, LLP
535 N. Brand Boulevard, Suite 800
Glendale, CA 91203
Telephone (213) 489-3222
Facsimile (213) 623-7929
E-mail: elukas@hfdclaw.com

Glenn E. Forbis (*Pro Hac Vice* forthcoming)
Jeremiah J. Foley (*Pro Hac Vice* forthcoming)
HARNESS, DICKEY & PIERCE PLC
100 Bloomfield Hills Parkway, Suite 200
Bloomfield Hills MI, 48304
Telephone (248) 641-1600
Email: gforbis@harnessip.com
jfoley@harnessip.com

Attorneys for Plaintiff MACUHEALTH, LP

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACUHEALTH, LP,<br><br>Plaintiff,<br><br>- v.-<br><br>ASHIK PAPIKYAN,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1. TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. 1114);**<br>**2. SALE OF STOLEN PROPERTY (CAL. PEN. CODE §496);**<br>**3. CONVERSION;**<br>**4. CALIFORNIA UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §17200); AND,**<br>**5. UNFAIR COMPETITION**<br><br>**[ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF (INJUNCTIVE RELIEF)]**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff MacuHealth LP ("Plaintiff" or "MacuHealth") by its undersigned counsel as and for its Complaint against defendant Ashik Papikyan ("Papikyan") hereby alleges as follows:

## NATURE OF THE ACTION

This is a trademark infringement, California Penal Code § 496, conversion and unfair competition under California Common Law, and unfair competition under California Bus. & Prof. Code § 17200 action against Papikyan for his selling of goods stolen prior to MacuHealth's quality control activities.

## THE PARTIES

1. Plaintiff MacuHealth is a Michigan Limited Partnership, having a principal place of business at 70 E Long Lake Road, Bloomfield Hills, MI 48304.

2. Defendant Ashik Papikyan is an adult individual who upon information and belief resides at 200 W. Milford St, Apt 312, Glendale, CA 91203.

## JURISDICTION AND VENUE

3. This action arises under the laws of the United States, Title 15 of the United States Code, 15 U.S.C. § 1114(a), California Penal Code § 496, and California Business and Professional Code § 17200.

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1332(a). This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Papikyan at least because Papikyan resides in and transacts business in California and in this judicial district.

## GENERAL ALLEGATIONS

### MacuHealth

6. MacuHealth was established in 2006 and operates out of its headquarters in Bloomfield Hills, Michigan and at its distribution center in Phoenix, Arizona.

7. MacuHealth manufactures, sells, and distributes dietary supplements, including supplements for improving ocular health.

8. MacuHealth manufactures, sells, and distributes a product called MacuHealth, which is clinically proven to improve eye health and visual performance.

9. MacuHealth is the owner of the trademark MACUHEALTH.

10. The standard character mark MACUHEALTH is registered under US Reg. No. 3655528.

11. MacuHealth uses the mark MACUHEALTH to brand its product. A photograph of the MacuHealth bottle as sold in stores is shown below:




12. MacuHealth sells and distributes its products throughout the United States.

13. The active ingredients in MacuHealth are lutein, meso-zeaxanthin, and zeaxanthin.

14. Twenty years of scientific research has demonstrated that the 10:10:2 ratio of lutein, meso-zeaxanthin, and zeaxanthin respectively increase macular pigment density, which supports visual health.

15. MacuHealth's label claims that it contains 10 mg of lutein, 10 mg of meso-zeaxanthin, and 2 mg of zeaxanthin.

16. MacuHealth requires that the product it distributes meet this label claim.

17. MacuHealth capsules are manufactured by a contractor. The manufacturer assigns a lot number to each lot it manufactures; laser prints the lot number on the bottom of the bottle and ships the product to MacuHealth's distribution center in Phoenix, Arizona.

18. When the product is received by the distribution center in Phoenix, it is sent to a laboratory to be analyzed to ensure the lot meets 100% of the label claim with less than 10% heterogeneity.

**The Theft of Lot # 274401**

19. Lot # 274401 of MacuHealth was stolen in October 2024.

20. Lot # 274401 continued 85,000 bottles of MacuHealth product which had yet to be tested for compliance with MacuHealth's label claim.

21. Lot # 274401 was set to be shipped from the manufacturer to MacuHealth's distribution facility in Arizona shortly before October 15, 2024.

22. A truck came to pick up Lot # 274401 from MacuHealth's manufacturer to MacuHealth's facility in Arizona.

23. Lot # 274401 was shipped to Chatsworth, California, a neighborhood of Los Angeles, instead of Arizona.

24. Upon information and belief, the trucking company had its identity stolen.

25. Upon information and belief, the person who stole the trucking company's information booked a fictitious shipment from the MacuHealth manufacturer's site to Chatsworth, California.

26. The bottles in Lot # 274401 were not received by MacuHealth.

27. The bottles in Lot # 274401 were not analyzed to ensure the lot met 100% of the label claim with less than 10% heterogeneity.

**Papikyan's Sale of MacuHealth Bottles in Lot # 274401**

28. MacuHealth discovered suspicious listings on eBay posted by user papi5798 for what appeared to be MacuHealth bottles sold at less than 31% of market value.

29. MacuHealth retails for $82.95 per bottle. One eBay listing from papi5798 sold one bottle for $24.99. An image of the eBay listing is attached as Exhibit 1, hereto.

30. To investigate these suspicious listings, MacuHealth purchased an order from one of papi5798's listings.

31. MacuHealth received one package from this order. It had the return address "Ashik Papikyan, 200 W. Milford St., Apt. 312, Glendale, California 91203-5545." An image of the opened package is attached as Exhibit 2, hereto.

32. The username papi5798 corresponds to the name, Ashik PAPIkyan.

33. Defendant Papikyan is the seller of the goods listed on eBay under the username papi5798.

34. Defendant Papikyan is listed as the organizer and registered agent of Strong Man Fence, LLC. in California's Secretary of State's records. According to the records, his address is 200 W. Milford St., Apt. 312, Glendale, California 91203-5545.

35. Upon information and belief, Defendant Papikyan resides at 200 W. Milford St., Apt 312, Glendale, California 91203-5545.

36. Upon information and belief, Defendant Papikyan shipped the packages received by MacuHealth from the purchase made on eBay from user papi5798.

37. The package combined contained a bottle "MacuHealth" containing the same label as MacuHealth's product. The bottom of the bottle was labeled, "LOT # 274401". A photograph of the bottom of the bottle showing the lot number is attached as Exhibit 3, hereto.

38. The bottle of "MacuHealth" purchased on eBay from user papi5798 was stolen.

39. Defendant Papikyan operates the eBay listings under username papi5798.

40. Defendant Papikyan sold stolen property.

41. The eBay listings contain an image of the bottom of the bottle showing the expiration date. An eBay listing depicting this image is attached as Exhibit 4.

42. On MacuHealth bottles The Lot number is shown just above the expiration date on the bottle. *See* Exhibit 3.

43. Defendant Papikyan deliberately cropped a photo of the bottom of the MacuHealth bottles he is selling to hide the lot number.

44. Defendant Papikyan cropped the photo because he knows Lot # 274401 was stolen.

45. Defendant Papikyan knows that the MacuHealth bottles he is selling are stolen.

46. Defendant Papikyan's listings under username papi5798 are still active on eBay.

47. Defendant Papikyan continues to sell stolen property on eBay.

48. MacuHealth is unable to test and sell the MacuHealth bottles Papikyan is selling.

49. MacuHealth's goodwill and reputation is harmed by the selling of its untested product.

**<u>Papikyan's Conversion</u>**

50. MacuHealth owns the untested MacuHealth bottles from Lot # 274401.

51. Papikyan sold and continues to sell MacuHealth's bottles from Lot # 274401 without MacuHealth's consent.

52. Papikyan is substantially interfering with MacuHealth's property by selling Lot # 274401.

53. MacuHealth is harmed by Papikyan's interference with its property as it is unable to test the bottles in Papikyan's possession and sell them if they pass inspection.

**<u>Papikyan's Trademark Infringement and Counterfeiting</u>**

54. MacuHealth is the owner of the registered trademark "MACUHEALTH", U.S. Reg. No. 3655528.

55. The products being sold by Papikyan bear the mark "MACUHEALTH".

56. The products being sold by Papikyan appear to be identical to the products sold by MacuHealth.

57. The products being sold by Papikyan were not analyzed to determine whether they meet MacuHealth's label claim.

58. The products being sold by Papikyan materially differ from MacuHealth's product.

59. The MacuHealth bottles Papikyan is selling will likely deceive consumers into thinking that the bottle's source is MacuHealth, when instead the source is a from an untested, stolen lot.

60. The MacuHealth bottles Papikyan is selling will likely confuse consumers into thinking that the bottle's source is MacuHealth, when instead the source is a from an untested, stolen lot.

61. MacuHealth has been damaged by Papikyan's use of the MacuHealth Mark.

## CLAIM I - TRADEMARK INFRINGMENT AND COUNTERFEITING

## 15 U.S.C. 1114

62. MacuHealth repeats and incorporates herein each of the preceding paragraphs.

63. MacuHealth is the owner of the trademark "MacuHealth".

64. The trademark "MacuHealth" is registered under U.S. Reg. No. 3655528.

65. Defendant Papikyan is using the identical mark "MacuHealth" in commerce.

66. The product Defendant Papikyan is selling is materially different than the MacuHealth product, at least because the product they are selling has not been tested for compliance with the label claim.

67. Defendant's use of the mark "MacuHealth" is likely to cause consumer confusion.

68. Defendant's use of the mark "MacuHealth" is likely to cause consumer deception.

69. Defendant's trademark infringement and counterfeiting has been willful.

70. MacuHealth has been injured by the above-described actions.

**CLAIM II - SALE OF STOLEN PROPERTY**

**CAL. PEN. CODE § 496**

71. MacuHealth repeats and incorporates herein each of the preceding paragraphs.

72. The goods being sold by Papikyan are stolen.

73. Papikyan knows that the goods he is selling are stolen.

74. MacuHealth has been injured by the above-described actions.

**CLAIM III - CONVERSION**

**CALIFORNIA COMMON LAW**

75. MacuHealth repeats and incorporates herein each of the preceding paragraphs.

76. MacuHealth is the owner and rightful possessor of the MacuHealth bottles in Lot #274401.

77. Defendant has exercised wrongful dominion over the MacuHealth bottles in Lot #274401, at least by selling the bottles in Lot #274401.

78. MacuHealth has been damaged by the above-described actions.

**CLAIM IV - VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**

**CAL. BUS. & PROF. CODE § 17200**

79. MacuHealth repeats and incorporates herein each of the preceding paragraphs.

80. By selling the stolen MacuHealth bottles in Lot#274401, Defendant has engaged in an unlawful, unfair, and fraudulent business practice.

81. By selling untested products under MacuHealth's mark, Defendant has engaged in an unlawful, unfair, and fraudulent business practice.

82. MacuHealth has lost money due to Defendant's unlawful, unfair, and fraudulent business practices.

**CLAIM V- UNFAIR COMPETITION**

**CALIFORNIA COMMON LAW**

83. MacuHealth repeats and incorporates herein each of the preceding paragraphs.

84. Papikyan is passing off stolen untested MacuHealth products as the genuine MacuHealth product to Defendant's customers.

85. MacuHealth has been damaged by the above-described actions.

**DEMAND FOR A JURY TRIAL**

MacuHealth demands a trial by jury on all issues triable of right by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

**WHEREFORE**, MacuHealth prays for relief as follows:

A. For a judgment determining that Papikyan has infringed MacuHealth's trademark;

B. For a finding that Papikyan's trademark infringement has been willful;

C. For a finding that Papikyan sold counterfeit MacuHealth goods;

D. For a judgment determining that Papikyan has sold stolen property in violation of Cal. Pen. Code § 496;

E. For a judgement determining that Papikyan has committed conversion in violation of California Common Law;

F. For a judgement determining that Papikyan has violated the California Unfair Competition Statute, Cal. Bus. & Prof. Code § 17200;

G. For a judgement determining that Papikyan has committed unfair competition in violation of California common law;

H. For a judgment awarding MacuHealth (i) its actual damages, trebled, in an amount to be determined in excess of $75,000, (ii) any profits made by Papikyan, (iii)

costs of this action including attorneys' fees; (iv) statutory damages of up to $2,000,000 under 15 U.S.C. § 1117(c) for the use of the counterfeit mark;

I. For an injunction preliminarily and permanently ordering Papikyan to cease selling the infringing products.

J. For an order of replevin directing Papikyan to return the stolen property to MacuHealth.

Dated: October 8, 2026

Respectfully submitted,

HARNESS, DICKEY & PIERCE PLC

By: /s/ JEREMIAH J. FOLEY
Glenn E. Forbis (*Pro Hac Vice* forthcoming)
Jeremiah J. Foley (*Pro Hac Vice* forthcoming)

*Counsel for Plaintiff*

HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: /s/ EDWARD W. LUKAS, JR.
Edward W. Lukas, Jr.

*Local Counsel for Plaintiff*